**Lucille TEBO, Plaintiff–Appellant,**

v.

**Cary TEBO; Kenneth Tebo; Chip Dale Holbrook, Medical Doctor; Nadine Bush, Medical Doctor, Defendants–Appellees.**

No. 07–60659.

United States Court of Appeals,
Fifth Circuit.

Jan. 20, 2009.

Carroll E. Rhodes, Law Offices of Carroll Rhodes, Hazlehurst, MS, for Plaintiff–Appellant.

Brenda B. Bethany, Daniel, Coker, Horton & Bell, Jackson, MS, for Cary and Kenneth Tebo.

Whitman B. Johnson, III, Lorraine Walters Boykin, Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for Holbrook.

Mark Priestly Caraway, Wise, Carter, Child & Caraway, Jackson, MS, for Bush.

Before BENAVIDES, SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM:

The petition for rehearing is denied. We have considered all of the arguments in the petition but limit our discussion to two alleged factual errors.

Ms. Tebo argues that our original opinion erred in stating that the Tebo brothers were not alleged to have been involved in the commitment process after the submission of their affidavit. In particular, Ms. Tebo asserts that her reply brief explained that the brothers appeared, and were ready to testify, at the involuntary commitment hearing scheduled for May 19, 2003. She contends that this notation served as an allegation that the brothers remained involved in the proceedings.

We did not construe this possibility as actual involvement because the May 19, 2003 hearing never actually took place. The hearing was put off after an objection by Ms. Tebo's counsel, and was never rescheduled since the brothers subsequently dismissed their applications seeking com-

mitment. Regardless of the proper characterization of that possibility, it in no way affects our legal analysis.

Ms. Tebo also argues that our original opinion erred in stating that the Tebo brothers' affidavit led to her evaluation by doctors Bush and Holbrook. She maintains that it was Ms. Sonnier's pre-screening report, not the brothers' affidavit, which led to her evaluation.

The record reflects that the brothers' affidavit was filed on May 15, 2003—four days prior to Bush's and Holbrook's evaluation—and that Ms. Sonnier does not recall scheduling Ms. Tebo's evaluation. However, there is some evidence that suggests it was Ms. Sonnier who scheduled the evaluation. Again, whatever may be the proper understanding of how the evaluation was scheduled, our analysis remains unchanged that no basis for liability existed.

Once a party establishes a legal basis for relief, he or she is entitled to summary judgment if there are "no genuine issues of material fact." *Baker v. Canadian Nat'l/ Ill. Cent. R.R.*, 536 F.3d 357, 362 (5th Cir.2008). The alleged factual errors here are not material. Ms. Tebo's petition is DENIED.